ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2023-Jun-06  16:23:27
43CV-23-413
C23D03 : 37 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
_____ DIVISION

NONA HALE, individually and as
SPECIAL ADMINISTRATRIX
OF THE ESTATE OF GEORGE HALE,
DECEASED                                                        PLAINTIFF

V.                                        NO._____

U-HAUL INTERNATIONAL INC;
CENTRAL ARKANSAS DEVELOPMENT
COUNCIL d/b/a SOUTH CENTRAL
ARKANSAS TRANSIT; MIGDALIA MARQUEZ;
CYNTHIA SKEENS; JOHN DOES 1-3 and
JOHN AND JANE DOE ENTITIES 1-3                DEFENDANTS

---

## COMPLAINT

---

COMES NOW the Plaintiff, Nona Hale, individually and as Special Administratrix of the

Estate of George Hale, Deceased, by and through her attorneys, Rainwater, Holt and Sexton, P.A.,

for her Complaint against the Defendants, hereby states and alleges the following.

### I.    INTRODUCTION

This is a case of ordinary negligence, negligent hiring, negligent training, negligent

supervision, negligent retention, negligent care and careless, negligent and/or recklessness that

warrants damages stemming from the Defendants' negligent conduct.

**EXHIBIT
1**

## II.    RESIDENCY AND PARTIES

1.    Plaintiff, Nona Hale, individually and as the duly appointed Special Administratrix of the Estate of George Hale, deceased, is a resident of Katy, located in Fort Bend County, Texas.

2.    Plaintiff, Nona Hale ("Plaintiff"), was appointed the Special Administratrix of the Estate of George Hale, pursuant to Lonoke County Circuit Court, Probate Division, Case No. 43PR-21-436. A copy of the Order Appointing Special Administratrix filed on October 21, 2021, is attached hereto as *Exhibit A*.

3.    Plaintiff, Nona Hale, is the surviving daughter to George Hale and was living in Katy, Fort Bend County, Texas on or about August 17, 2021.

4.    George Hale, on or about August 17, 2021, was a citizen and resident of Lonoke County, Arkansas residing at 182 Joyner Loop, Lonoke County, Arkansas 72086. He was 67 years old, living alone, self-sufficient with assistance, due to his medical conditions. George was able to care for himself, communicate with family and friends, and enjoyed the basic qualities of life.

5.    George Hale was injured in a motor vehicle collision on or about August 17, 2021, that ultimately took his life.

6.    George Hale was survived by his daughter, the Plaintiff, and two (2) brothers.

7.    Upon the Plaintiff's information and belief, Defendant Migdalia Marquez, (hereinafter "Defendant Marquez) was at all times relevant a resident of Midwest City, Oklahoma County, Oklahoma.

8.    Upon the Plaintiff's information and belief, Defendant Marquez is believed to be the driver of the U-Haul truck involved in the motor vehicle collision with the medical transport van to which George Hale was a passenger on or about August 17, 2021 that ultimately took the

life of George Hale and is the subject of this litigation.

9.     Upon the Plaintiff's information and belief, Defendant Marquez had leased the U-Haul enclosed truck she was using from an unknown U-Haul entity prior to this collision.

10.    Upon the Plaintiff's information and belief, Defendant Marquez may be served with process at 522 North Douglas Boulevard, Apt. B, Oklahoma City, Oklahoma 73130.

11.    Upon the Plaintiff's information and belief, Defendant U-Haul International Inc., (hereinafter "U-Haul International") is a foreign for-profit corporation licensed to do business in, and around the United States, including the State of Arkansas for the purpose of the sale, lease and transport of trucks, trailers and enclosed box trucks throughout the roadways and highways of the United States, including, but not limited to, the State of Arkansas.

12.    Upon the Plaintiff's information and belief, U-Haul International is a foreign for-profit corporation with its principal place of business at 2727 N. Central Ave., Phoenix, Arizona 85004.

13.    Upon the Plaintiff's information and belief, Defendant U-Haul International's registered agent for service of process in Arkansas is C T Corporation System, located at 3800 N. Central Ave., Ste. 460, Phoenix, Arizona 85012.

14.    Upon the Plaintiff's information and belief, Defendant U-Haul International is the national company that owns, operates, licenses/ franchises and/or exercises dominion, direction and/or control of all of the State U-Haul entities, including, but not limited to, the location that leased a U-Haul enclosed van truck to Defendant Marquez.

15.    Upon the Plaintiff's information and belief, Defendant Central Arkansas Development Council d/b/a South Central Arkansas Transit (herein after referred to as "Defendant

SCAT"), is a non-profit corporation licensed to do business in the State of Arkansas.

16.    Upon the Plaintiff's information and belief, Defendant Central Arkansas Development Council has its principal place of business in Benton, Arkansas with a mailing address of P.O. Box 580, Benton, Arkansas 72018.

17.    Upon the Plaintiff's information and belief, Defendant Central Arkansas Development Council has designated as its registered agent for service of process as Randy Morris, located at 321 Edison Avenue, Benton, Arkansas 72015. *See attached as Exhibit B*

18.    Upon the Plaintiff's information and belief, Defendant Central Arkansas Development Council operates in nineteen (19) counties in Arkansas including Lonoke County, offering a wide variety of services including transportation.

19.    Upon the Plaintiff's information and belief, Defendant Central Arkansas Development Council, through SCAT, has public transportation available at a reduced rate to any person, regardless of income. The service supports a person's efforts to better their lives. SCAT also provides non-emergency medical transportation.

20.    Upon the Plaintiff's information and belief, Defendant Cynthia Skeens, (hereinafter referred to as "Defendant Skeens") was at all times relevant a resident of Jacksonville, Pulaski County, Arkansas.

21.    Upon the Plaintiff's information and belief, Defendant Skeens may be served with process of service at 675 John Shelton Road, Jacksonville, Arkansas 72076.

22.    Upon the Plaintiff's information and belief, Defendant Skeens was an employee, agent and/or contractor for Defendant SCAT on or about August 17, 2021.

23.    Upon the Plaintiff's information and belief, Defendant Skeens was operating the

SCAT dodge caravan set up, designed and advertised for medical transports for individuals such as George Hale on August 17, 2021.

24.    The residency of John Does 1-3 remains unknown.

25.    The residency of John and Jane Doe Entities 1-3 remains unknown.

26. Pursuant to Ark. Code Ann section §16-56-125, any person, for the purpose of tolling the statute of limitations, may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown.

27.    In the alternative, the name or names of the unknown tortfeasor(s), individual person(s), or entity(ities), shall be designated by the pseudo-name John Doe. Thus, in this case, John Does 1-3 and John and Jane Doe Entities 1-3, in the alternative, is and/or are the official name(s) of any individual person Defendant and/or entity with which any individual person Defendant may be associated.

28.    Upon determining the identity of the unknown tortfeasor(s), Plaintiff will amend this Complaint by substituting the real name(s) for the pseudo-name(s).

29.    Upon the Plaintiff's information and belief, Defendants John Does 1-3 are employees, agents and/or contractors of Defendant U-Haul.

30.    Upon the Plaintiff's information and belief, Defendants John and Jane Doe Entities 1-3 are companies, limited liability corporations, partnerships, etc. that are licensed by Defendant U-Haul to sell, lease, rent, etc. enclosed box trucks, such as the one driven by Defendant Marquez on August 17, 2021.

31.    The Plaintiff has attached hereto the Affidavit of Plaintiff's counsel that the identity of the tortfeasor(s) is presently unknown pursuant to Ark. Code Ann. § 16-56-125. *See attached*

*hereto Exhibit C.*

32.     At the time of the incident giving rise to this action, upon the Plaintiff's information and belief, John Does 1-3 were acting within the scope of this agency and/or employment and under the control of Defendants U-Haul.

33. As a result of the relationship between John Does 1-3 and Defendants U-Haul, all alleged acts, omissions, negligence, and/or recklessness of John Does 1-3 set forth in this Complaint are imputed to Defendants U-Haul under the doctrine of *respondeat superior.*

34.     This action is for wrongful death as a result of the personal injuries sustained by George Hale from an incident that occurred in Pulaski County, Arkansas.

### III.     JURISDICTION AND VENUE

35.     All of the proceeding statements and/or allegation contained within paragraphs 1-34 are hereby adopted and re-alleged as word for word.

36.     This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

37.     The incident from which this Complaint arises was a motor vehicle collision that occurred in Pulaski County, Arkansas on or about August 17, 2021.

38.     Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that civil actions can be brought in the counties in which a substantial part of the events giving rise to the cause of action occurred, or the county in which Plaintiff resided at the time of the event. Furthermore, when venue is proper as to one defendant, it is also proper as to any other defendant with respect to all causes of action arising out of the same transaction or occurrence. Ark. Code

Ann. § 16-60-l0l(e).

## IV.   BASIC PREMISE

39.   Plaintiff restates and incorporates by reference each and every paragraph 1-38 contained herein word-for-word.

40.   Plaintiff brings this claim on behalf of the Estate of George Hale, deceased, and on behalf of the wrongful death beneficiaries of George Hale, pursuant to the Arkansas Survival Actions Statute (Ark. Code Ann. § 16-62-101) and the Arkansas Wrongful Death Act (Ark. Code Ann. § 16-62-102).

41.   This is a negligence and wrongful death action which arises from the careless, reckless and/or negligent acts, activities, and/or decisions made by the Defendants separately and collectively, that resulted in serious personal injuries to and, ultimately the death of George Hale.

## V.   FACTS

42.   Plaintiff restates and incorporates those matters as set forth in paragraphs 1-41 above, as if set forth fully herein.

43.   On or about August 17, 2021, Defendant Skeens was driving a 2019 in a Dodge Caravan owned and operated by Defendant SCAT for transportation for individuals in, and around their service areas, including, but not limited to, transportation to and from medical appointments.

44.   Defendant Skeens was operating the SCAT passenger van in the normal course and scope of her employment with Defendant SCAT, a division of the Central Arkansas Development Council.

45.   Defendant Skeens was working as a transport driver in and around the Lonoke County office providing transportation to individuals in need, like George Hale.

46.    On or about August 17, 2021, George Hale contracted with SCAT for transportation services to a medical appointment.

47.    George Hale, will having some independence, was confined to a wheelchair and was therefore unable to transport himself to and from places, so he used the services of Defendant SCAT.

48.    Defendant SCAT owns and/or operates a fleet of passenger vans for use by their employees, contractors and/or agents to transport individuals in need, for a fee, to and from places such as medical appointments.

49.    Defendant SCAT offered these services in specialty outfitted vans that were equipped for the loading and/or unloading of wheelchair bound individuals, as well as the safety equipment needed and necessary to secure a wheelchair dependent person safely for transport.

50.    Prior to August 17, 2021, Defendant SCAT would have hired and/or contracted with Defendant Skeens for her employment services as a driver of their vans.

51.    Prior to August 17, 2021, Defendant SCAT would have provided training and learning assistance to their employees, agents and/or contractors such as Defendant Skeens in the proper way to load and secure individuals in wheelchairs for vehicular transport.

52.    On August 17, 2021, George Hale was in a wheelchair, so Defendant Skeens would have been responsible for putting him into the van owned and/or operated by Defendant SCAT, along with making sure he was safely secured in the van, safely strapped, buckled, wheels locked etc. prior to beginning the vehicular transport.

53.    Upon the Plaintiff's information and belief, George Hale was being transported to a doctor's appointment and was in the care of Defendants Skeens and SCAT.

54. Defendant U-Haul advertises to the general public that they have all sizes of trucks, trailers, hitches and other accessories and supplies needed to assist someone in the transport and movement of items. These items are available to the general public to rent and/or lease.

55. These rental trucks, trailers, hitches and other accessories are available throughout the United States various locations advertised by U-Haul where one can go and lease and/or purchase necessary items.

56. U-Haul leases box trucks and pick-up trucks emblazoned with the U-Haul advertising and imagery at these store locations for the general public to see and use their products.

57. Before leaving the U-Haul yard and/or store location, a U-Haul agent/contractor and/or employee goes over the rental agreement as well as the enclosed box truck with the lessor to make sure of the condition of the truck as well as to instruct the lessor on the use of the truck and to make sure the lessor is properly licensed, trained and equipped for the operation of the leased U-Haul box truck.

58. Before leaving the U-Haul yard and/or store location, the U-Haul agent/contractor and/or employee will personally walk the lessor through the use of the leased box truck as well as to make sure the truck is in good working order and that the lessor is able to operate the leased box truck prior to leaving the premises.

59. Sometime on or before August 17, 2021, Defendant Marquez traveled to one of the many U-Haul locations in and throughout the United States and, after properly filling out the lease questionnaire and answering the U-Haul agent/contractor and/or employee's questions as to the need for the box truck rental and length of time for the need of the truck, Defendant Marquez

leased a U-Haul owned and/or controlled truck, emblazoned with the many U-Haul logos from the vehicle wrap and logos to transport items in and on the Interstates and highways of the United States, including Arkansas.

60.    At some point in time Defendant Marquez was driving a 2018 Ford F-650 U-Haul Truck, traveling west on Interstate 40 in the number 2 lane in Pulaski County, Arkansas.

61.    This area of Interstate 40 is a bottleneck of traffic and activity as US highway 67/167 merges onto Interstate 40 at the same time Interstate 30 blends into Interstate 40 from its northern/southern route across America.

62.    The roadway is at least 4 lane with multiple turning points and lanes as well as areas for merging.  Locals refer to this as near the "big church" in North Little Rock, Arkansas.

63.    Defendant Skeens, in the van provided to her by Defendant SCAT was also traveling west on Interstate 40 with George Hale as a passenger.

64.    Around 8:30am on the morning of August 17, 2021, this area was heavily congested with traffic, as well as several lanes and traffic speeds impeded and reduced due to road work and workers present.

65.    These impediments were unknown to Defendants Marquez and Skeen until too late.

66.    Upon the Plaintiff's information and belief, the Ford F-650 enclosed box truck driven by Defendant Marquez was owned and/or leased by Defendant U-Haul.

67.    Upon the Plaintiff's information and belief, the Ford F-650 enclosed box truck was leased and/or rented to Defendant Marquez by Defendant U-Haul for the purpose of transporting household goods and furnishings.

68.    On or about August 17, 2021 Defendant Marquez was using the U-Haul vehicle to

transport items in question and was heading west on Interstate 40.

69.     As Defendant Marquez approached Interstate 40 in Pulaski County near the "big church interchange" she began to encounter traffic and work zones for construction on the roadway.

70.     Defendant Marquez, suddenly trying to reduce her speed and avoid the lane closures, attempted to merge into the number 3 lane, striking the rear passenger side of a 2018



Dodge Journey that was being driven by a Jessica Cannon.

71.     At the same time and place Defendant Skeens, in the van provided by Defendant SCAT, was also trying to reduce her speed as she approached the impending traffic and work zones.

72.     After first making contact with the Dodge Journey, the force of the initial collision took Defendant Marquez and her rented U-Haul west into the number 3 lane of traffic, colliding with the rear of the SCAT owned van operated by Defendant Skeens that was also trying to stop

for traffic and lane closures as well.

73.    George Hale was a passenger in the SCAT van at the time of the impact.

74.    The impact to the SCAT vehicle was massive, severe and damaging.





75.    The force from the impact of the collision from Defendant Marquez's vehicle

caused Defendant Skeens' vehicle to spin into and come to rest in the number 4 lane.

76.    After the second impact, Defendant Marquez then continued in the number 3 lane and struck the rear driver's side of a 2018 Toyota RAV4 that was being driven by Sarah Uselton.



77.    Defendant Marquez then collided into a concrete barrier and continued along the concrete barrier before coming to a stop.



78.     George Hale had to be extricated from the vehicle operated by Defendants Skeens and SCAT because of the disabling damage caused by Defendant Marquez.

79.     Defendant Marquez was issued the citations of Careless and Prohibited Driving, in violation of Ark. Code Ann. § 27-51-104 and Striking Fixtures Upon Highway, in violation of Ark. Code Ann. § 27-53-105.

80.     The careless, reckless and/or negligent actions of the Defendants were the direct and proximate causes and contributors to the injuries and untimely death of George Hale.

## VI.     CAUSE OF ACTION NO. ONE – NEGLIGENCE OF MIGDALIA MARQUEZ

81.     All of the allegations previously pled herein are re-alleged as though stated word-

for-word.

82.     Defendant Marquez was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e)     Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(f)     Failing to keep vehicle under control, in violation of the common law of Arkansas;

(g)     Failing to drive at a speed no greater than was reasonably and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

violation of Ark. Code Ann. § 27-51-104 and Striking Fixtures Upon Highway, in violation of Ark. Code Ann. § 27-53-105.

83.     The careless, reckless and/or negligent actions of the Defendants were the direct and proximate causes and contributors to the injuries and untimely death of George Hale.

## VI.     CAUSE OF ACTION NO. ONE – NEGLIGENCE OF MIGDALIA MARQUEZ

81.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

82.     Defendant Marquez was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e)     Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(f)     Failing to keep vehicle under control, in violation of the common law of Arkansas;

(g)     Failing to drive at a speed no greater than was reasonably and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(h)     Failing to properly yield the right-or-way in violation of Ark. Code Ann. § 27-51-503;

(i)     Failing to properly stop in violation of Ark. Code Ann. § 27-51-601; and

(j)     Otherwise failing to exercise ordinary care under the circumstances.

83      Defendants Marquez failed to follow adequate and proper policies and procedures for the care and safety of the commuting public.

84.     Defendant Marquez and Defendant U-Haul International and/or Defendant U-Haul of Florida failed to have in place and/or failed to follow adequate and/or proper policies and procedures in accordance with accepted industry standards ordinarily used by companies in the same or similar business.

85.     The careless, reckless, and/or negligent actions of Defendant Marquez caused her to be rewarded with a citation for Careless and Prohibited Driving based upon Ark. Code Ann. § 27-51-104 and a citation for Striking Fixtures Upon Highway based upon Ark. Code Ann. § 27-53-105.

86.     Defendant U-Haul International and/or Defendant U-Haul of Florida had a duty to reasonably investigate, monitor, retain, supervise and/or train Defendant Marquez with respect to safety issues and the proper speed and operation of their trucks, including the one involved with the incident to which this Complaint arises from.

87.     As the direct, foreseeable, legal and proximate result of the negligence of Defendant Marquez, George Hale suffered serious bodily injuries that ultimately claimed his life.

## VII.    CAUSE OF ACTION NO. TWO - NEGLIGENCE OF CYNTHIA SKEENS

88.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

89.     Defendant Skeens was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)  Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d)  Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e)  Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(f)  Failing to keep vehicle under control, in violation of the common law of Arkansas;

(g)  Failing to drive at a speed no greater than was reasonably and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas; and

(h)  Otherwise failing to exercise ordinary care under the circumstances.

90.  Defendant Skeens careless, reckless and/or negligent actions when in operation of the SCAT owned van are a direct and proximate cause of the injuries and death of George Hale.

91.  Defendant Skeens failed to properly restrain and restrict the wheelchair of George Hale once placed into the SCAT owned and operated van.  This failure to follow proper safety training and protocols are a proximate and/or contributing caused to the injuries and death of George Hale.

92.  Defendant Skeens failed to follow proper training and/or protocols as to the speed, route, and operation of the van provided to her by Defendant SCAT and these failures are a direct and/or proximate cause of the injuries and/or death to George Hale.

93.  As the direct, foreseeable, legal and proximate result of the negligence of Defendant Skeens, George Hale suffered serious bodily injuries that ultimately claimed his life.

## VIII.  CAUSE OF ACTION NO. THREE - NEGLIGENCE OF DEFENDANT U-HAUL INTERNATIONAL

94.  All of the allegations previously pled herein are re-alleged as though stated word-

for-word.

95.    Defendant U-Haul International was negligent in the following particulars:

(a) Failing to have adequate policies and/or procedures regarding its drivers driving and the proper form and technique to operate on the roadway when no mechanical problem exists;

(b) Failing to properly train U-Haul employees, agents, and/or contractors on the appropriate and/or safe lease and/or rental of U-Haul equipment, including but not limited to, F-650 enclosed box trucks;

(c) Failing to properly instruct U-Haul customers and/or lessors on the proper use of the truck used in the safe operation of using U-Haul equipment and vehicles;

(d) Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding driving and on the roadways in a proper manner;

(e) Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding safe driving practices;

(f) Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy and/or giving guidance to its drivers regarding safe driving practices; and

(g) Otherwise failing to exercise ordinary care under the circumstances existing.

96.    At all times relevant herein, Defendant U-Haul International had a duty to exercise reasonable care in entrusting their vehicle to others for the safety of other motorists on the roadway, including the Plaintiff.

97.    Defendant U-Haul International, through its agents, employees and/or contractors, failed to make sure that Defendant Marquez had the knowledge, skill, education and training as to how to safely use and/or operate the F-650 enclosed truck.

98.    Defendant U-Haul International has many corporate policies and procedures as to the steps for its agents, employees and/or contractors to go through with a prospective customer for the lease of a U-Haul truck.

99.     Upon the Plaintiff's information and belief, Defendant Marquez was not a valid licensed motorist at the time of both the rental and at the time of the collision and Defendant U-Haul International.

100.    Policies and procedures were negligently followed resulting in Defendant Marquez's lease of the U-Haul trick that resulted in the death of George Hale.

101.    The many failures and/or negligent, careless and/or reckless acts of Defendant U-Haul International contributed to Defendant Marquez failure to properly secure and transport the U-Haul truck that ultimately cost George Hale his life.

102.    The careless, negligent and/or reckless acts and/or omissions by unknown agents, contractors and/or employees of Defendant U-Haul International are imputed to Defendant U-Haul International through the doctrine of *respondeat superior*.

103.    Such careless, reckless and/or negligent acts and/or omissions of Defendant U-Haul International's agents, assigns, contractors and/or employees are unknown Defendants John Doe's 1-3 and are the direct and proximate cause of the careless, reckless and/or negligent acts of Defendant Marquez that caused the ultimate death of George Hale.

## IX.    CAUSE OF ACTION NO. FOUR - NEGLIGENT ENTRUSTMENT OF DEFENDANT U-HAUL

104.    All the allegations previously pled herein are re-alleged as though stated word-for-word.

105.    At all times relevant herein, Defendant U-Haul International had a duty to exercise Reasonable care in entrusting their vehicle to others for the safety of other motorists on the roadway, including George Hale.

106.    Defendant U-Haul International committed acts and omissions constituting negligence which

was a proximate cause of the injuries and death of George Hale.

## X.     CAUSE OF ACTION NO. FIVE - NEGLIGENT TRAINING OF DEFENDANT U-HAUL INTERNATIONAL

107.     All the allegations previously pled herein are re-alleged as though stated word-for-word.

108.     Defendant U-Haul International had a duty to use reasonable care to select, train and employ agents, employees and/or contractors who would be competent and fit to follow and/or perform the duties, polices, procedures and/or training required by Defendants U-Haul International of its agents, contractors, and/or employees.

109.     Defendant U-Haul owed such duty to Decedent Hale to ensure that their agents, contractors and/or employees knew the U-Haul policies and procedures but that said policies and procedures were followed.

110.     Such duty was breached when Defendant John Does 1-3 and/or John and Jane Doe Entities 1-3 were not reasonably equipped, trained and/or knowledgeable to follow and/or perform U-Haul's required policies, procedures and/or duties as it pertains to the leasing of a U-Haul pick-up truck.

111.     Defendant U-Haul International knew, or should have known, that because of their, or John and Jane Doe Entities 1-3's employee's inexperience, lack of training, lack of supervision and/or prior actions, that employee was not competent and/or fit for the duties required of them as an agent, contractor and/or employee.

112.     Defendant U-Haul International breached its duty to use reasonable care to select, train, equip and/or retain agents, employees and/or contractors that were trained, competent and fit for the position they were employed in by Defendant U-Haul International.

113.     As a result of Defendant U-Haul International's negligence in hiring, training,

supervision and retaining employees John Does l-3, and/or John and Jane Doe Entities 1-3, George Hale lost his life.

114.    The actions of Defendants John Does 1-3 that are imputed to Defendant U-Haul International, show violations of the rules of the road and make Defendant U-Haul International liable for the negligent supervision of Defendant John Does 1-3 as well as Defendant Marquez.

115.    Defendant U-Haul International knew or should have known, that its failure to research and/or screen employees John Does 1-3 would result in injury to the public. Here, death to George Hale.

116.    The actions of employee imputed to Defendant U-Haul International show violations of the rules of the road and make Defendant U-Haul International liable for negligent training of John Does 1-3.

117.    Defendant U-Haul International knew, or should have known, that its failure to train and supervise John Does 1-3 would result in injury to the public.

118.    Defendant U-Haul International failed to perform its duty of diligence in the training of John Does 1-3, resulting in the death of George Hale.

## XI.    CAUSE OF ACTION NO. SIX - RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT U-HAUL INTERNATIONAL

119.    All the allegations previously pled herein are re-alleged as though stated word-for-word.

120.    Defendant U-Haul International is legally responsible and vicariously liable for the negligence of its employee/agent, Defendants John Does 1-3 and/or John and Jane Doe Entities 1-3, through the legal doctrine of joint enterprise, *respondeat superior*, and the principles of agency as adopted in the State of Arkansas.

121.        At all times relevant to this case, John Does 1-3 were agents and/or

employees of Defendant U-Haul.

122.    At all times relevant, Defendants John Does 1-3 were acting within the course and/or scope of their employment with Defendant U-Haul International.

123.    Upon the Plaintiffs information and belief, Defendant U-Haul International did not have any policies in place at the time of the wreck giving rise to this action regarding proper driving training given to customers.

124.    Defendant U-Haul International failed in their duties and were negligent when they chose not to have in place and/or chose not to follow proper policies and procedures, resulting in adequate training of its employees who were not qualified and//or competent to exercise sound judgment and safely prepare drivers, specifically Defendant Marquez, on how to handle a company vehicle.

125.    The negligence of Defendant Marquez is imputed to Defendant U-Haul International as a matter of law.

## XII.    CAUSE OF ACTION NO. SEVEN - NEGLIGENCE OF DEFENDANT CENTRAL ARKANSAS DEVELOPMENT COUNCIL D/B/A SOUTH CENTRAL ARKANSAS TRANSIT

126.    All the allegations previously pled herein are re-alleged as though stated word-for-word.

127.    Defendant SCAT was careless, reckless and/or negligent in the following particulars:

   a.  Failing to properly instruct SCAT employees, agents and/or contractors on the proper use of the vehicles they drive;

   b.  Failing to properly screen, interview and hire competent and qualified employees, agents and/or contractors who were licensed and/or capable of operating the SCAT owned vans used in passenger transport;

c.  Failing to properly train SCAT employees, agents and/or contractors on the appropriate way to operate the SCAT vehicles; and

d.  Failing to properly train SCAT employees, agents and/or contractors on the appropriate way to secure a person in a SCAT vehicle.

128.   Defendant SCAT failed to properly train their employees, agents, contractors and/or management in the proper way to drive their vehicles.

129.   Defendant SCAT, through its agents, employees and/or contractors, failed to make sure that Defendant Skeens had the knowledge, skill, education and/or training as to how to safely use the SCAT vehicles.

130.   Defendant SCAT has many corporate policies and procedures as to the steps for its agents, employees and/or contractors to go through when operating a SCAT vehicle.

131.   These policies and procedures were negligently followed by Defendant Skeens that resulted in the death of George Hale.

132.   The many failures and/or negligent, careless and/or reckless acts of Defendant SCAT contributed to Defendant Skeens failure to properly secure George Hale that ultimately cost George Hale his life.

133.   The careless, negligent and/or reckless acts and/or omissions by unknown agents, contractors and/or employees of Defendant SCAT are imputed to SCAT through the doctrine of *respondeat superior*.

134.   Such careless, reckless and/or negligent acts and/or omissions of Defendant SCAT's agents, assigns, contractors and/or employees are the direct and proximate cause of the careless, reckless and/or negligent acts of Defendant Skeens that caused the ultimate death of George Hale.

## XIII.   CAUSE OF ACTION NO. EIGHT - NEGLIGENT ENTRUSTMENT OF DEFENDANT CENTRAL ARKANSAS DEVELOPMENT COUNCIL d/b/a SOUTH CENTRAL ARKANSAS TRANSIT

135.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

136.    At all times relevant herein, Defendant SCAT had a duty to exercise reasonable care in entrusting their vehicle to others for the safety of other motorists on the roadway, including George Hale.

137.    Defendant SCAT committed acts and omissions constituting negligence which was a proximate cause of the injuries and death of George Hale.

## XIV.   CAUSE OF ACTION NO. NINE - NEGLIGENT TRAINING OF DEFENDANT CENTRAL ARKANSAS DEVELOPMENT COUNCIL d/b/a SOUTH CENTRAL ARKANSAS TRANSIT

138.    All the allegations previously pled herein are re-alleged as though stated word-for-word.

139.    Defendant SCAT had a duty to use reasonable care to select, train and employ agents, employees and/or contractors who would be competent and fit to follow and/or perform the duties, policies, procedures and/or training required by Defendant SCAT of its agents, contractors, and/or employees.

140.    Defendant SCAT owed such duty to Decedent Hale to ensure that their agents, contractors and/or employees knew the SCAT policies and procedures but that said policies and procedures were followed.

141.    Such duty was breached when Defendant Skeens was not reasonably equipped, trained and/or knowledgeable to follow and/or perform SCAT's required policies, procedures

and/or duties as it pertains to operating a SCAT van.

142. Defendant SCAT knew, or should have known, that because of employee's inexperience, lack of training, lack of supervision and/or prior actions, that employee was not competent and/or fit for the duties required of them as an agent, contractor and/or employee.

143. Defendant SCAT breached its duty to use reasonable care to select, train, equip and/or retain agents, employees and/or contractors that were trained, competent and fit for the position they were employed in by Defendant SCAT.

144. As a result of Defendant SCAT's negligence in hiring, training, supervision and retaining Defendant Skeens, George Hale lost his life.

145. The actions of Defendant Skeens are imputed to Defendant SCAT, show violations of the rules of the road and make Defendant SCAT liable for negligent supervision of Defendant Skeens.

146. Defendant SCAT knew or should have known, that its failure to research and screen Defendant Skeens would result in injury to the public. Here, death to George Hale.

147. The actions of employee imputed to Defendant SCAT show violations of the rules of the road and make Defendant SCAT liable for negligent training of Defendant Skeens.

148. Defendant SCAT knew, or should have known, that its failure to train and supervise Defendant Skeens would result in injury to the public.

149. Defendant SCAT failed to perform its duty of diligence in the training of Defendant Skeens, resulting in the death of George Hale.

## XV. CAUSE OF ACTION NO. TEN - RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT CENTRAL ARKANSAS DEVELOPMENT COUNCIL d/b/a SOUTH CENTRAL ARKANSAS TRANSIT

150. All the allegations previously pled herein are re-alleged as though stated word-

for-word.

151. Defendant SCAT is legally responsible and vicariously liable for the negligence of its employee/agent, Defendant Skeens, through the legal doctrine of joint enterprise, *respondeat superior*, and the principles of agency as adopted in the State of Arkansas.

152. At all times relevant to this case, Defendant Skeens was an agent and/or employee of Defendant SCAT

153. At all times relevant, Defendant Skeens was acting within the course and/or scope of her employment with Defendant SCAT.

154. Upon the Plaintiff's information and belief, Defendant SCAT did not have any Policies and/or procedures in place at the time of the collision giving rise to this action regarding driver training of employees.

155. Defendant SCAT did not train Defendant Skeens on safe driving practices and/or techniques on how to handle the vehicle she was operating before placing him in an employment position that required her to drive to complete her job tasks.

156. Defendant SCAT had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised those whose employment position required them to drive a vehicle on the roadways to complete their job tasks.

157. Defendant SCAT did not supervise Defendant Skeens to ensure she was using sound judgment and/or practicing safe driving techniques and habits while working for Defendant SCAT to complete her job tasks.

158. The negligence of Defendant Skeens is imputed to Defendant SCAT as a matter of law.

### XVI.  CAUSE OF ACTION NO. THREE - NEGLIGENCE OF DEFENDANT U-HAUL OF FLORIDA

159.   All of the allegations previously pled herein are re-alleged as though stated word-for-word.

160.   Defendant U-Haul of Florida was negligent in the following particulars:

(h) Failing to have adequate policies and/or procedures regarding its drivers driving and the proper form and technique to operate on the roadway when no mechanical problem exists;

(i) Failing to properly train U-Haul employees, agents, and/or contractors on the appropriate and/or safe lease and/or rental of U-Haul equipment, including but not limited to, F-650 enclosed box trucks;

(j) Failing to properly instruct U-Haul customers and/or lessors on the proper use of the truck used in the safe operation of using U-Haul equipment and vehicles;

(k) Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding driving and on the roadways in a proper manner;

(l) Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding safe driving practices;

(m) Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy and/or giving guidance to its drivers regarding safe driving practices; and

(n) Otherwise failing to exercise ordinary care under the circumstances existing.

161.   At all times relevant herein, Defendant U-Haul of Florida had a duty to exercise reasonable care in entrusting their vehicle to others for the safety of other motorists on the roadway, including the Plaintiff.

162.   Defendant U-Haul of Florida, through its agents, employees and/or contractors, failed to make sure that Defendant Marquez had the knowledge, skill, education and training as to how to safely use and/or operate the F-650 enclosed truck.

163. Defendant U-Haul of Florida has many corporate policies and procedures as to the steps for its agents, employees and/or contractors to go through with a prospective customer for the lease of a U-Haul truck.

164. Upon the Plaintiff's information and belief, Defendant Marquez was not a valid licensed motorist at the time of both the rental and at the time of the collision and Defendant U-Haul of Florida.

165. Policies and procedures were negligently followed resulting in Defendant Marquez's lease of the U-Haul trick that resulted in the death of George Hale.

166. The many failures and/or negligent, careless and/or reckless acts of Defendant U-Haul of Florida contributed to Defendant Marquez failure to properly secure and transport the U-Haul truck that ultimately cost George Hale his life.

167. The careless, negligent and/or reckless acts and/or omissions by unknown agents, contractors and/or employees of Defendant U-Haul of Florida are imputed to Defendant U-Haul of Florida through the doctrine of *respondeat superior*.

168. Such careless, reckless and/or negligent acts and/or omissions of Defendant U-Haul of Florida's agents, assigns, contractors and/or employees are unknown Defendants John Doe's 1-3 and are the direct and proximate cause of the careless, reckless and/or negligent acts of Defendant Marquez that caused the ultimate death of George Hale.

## XVII. <u>CAUSE OF ACTION NO. FOUR - NEGLIGENT ENTRUSTMENT OF DEFENDANT U-HAUL OF FLORIDA</u>

169. All the allegations previously pled herein are re-alleged as though stated word-for-word.

170. At all times relevant herein, Defendant U-Haul of Florida had a duty to exercise reasonable

care in entrusting their vehicle to others for the safety of other motorists on the roadway, including George Hale.

171.    Defendant U-Haul of Florida committed acts and omissions constituting negligence which was a proximate cause of the injuries and death of George Hale.

## XVIII. CAUSE OF ACTION NO. FIVE - NEGLIGENT TRAINING OF DEFENDANT U-HAUL OF FLORIDA

172.    All the allegations previously pled herein are re-alleged as though stated word-for-word.

173.    Defendant U-Haul of Florida had a duty to use reasonable care to select, train and employ agents, employees and/or contractors who would be competent and fit to follow and/or perform the duties, polices, procedures and/or training required by Defendants U-Haul of Florida of its agents, contractors, and/or employees.

174.    Defendant U-Haul of Florida owed such duty to Decedent Hale to ensure that their agents, contractors and/or employees knew the U-Haul policies and procedures but that said policies and procedures were followed.

175.    Such duty was breached when Defendant John Does 1-3 and/or John and Jane Doe Entities 1-3 were not reasonably equipped, trained and/or knowledgeable to follow and/or perform U-Haul's required policies, procedures and/or duties as it pertains to the leasing of a U-Haul pick-up truck.

176.    Defendant U-Haul of Florida knew, or should have known, that because of their, or John and Jane Doe Entities 1-3's employee's inexperience, lack of training, lack of supervision and/or prior actions, that employee was not competent and/or fit for the duties required of them as an agent, contractor and/or employee.

177.    Defendant U-Haul of Florida breached its duty to use reasonable care to select,

train, equip and/or retain agents, employees and/or contractors that were trained, competent and fit for the position they were employed in by Defendant U-Haul of Florida.

178.    As a result of Defendant U-Haul of Florida's negligence in hiring, training, supervision and retaining employees John Does l-3, and/or John and Jane Doe Entities 1-3, George Hale lost his life.

179.    The actions of Defendants John Does 1-3 that are imputed to Defendant U-Haul of Florida, show violations of the rules of the road and make Defendant U-Haul of Florida liable for the negligent supervision of Defendant John Does 1-3 as well as Defendant Marquez.

180.    Defendant U-Haul of Florida knew or should have known, that its failure to research and/or screen employees John Does 1-3 would result in injury to the public. Here, death to George Hale.

181.    The actions of employee imputed to Defendant U-Haul of Florida show violations of the rules of the road and make Defendant U-Haul of Florida liable for negligent training of John Does 1-3.

182.    Defendant U-Haul of Florida knew, or should have known, that its failure to train and supervise John Does 1-3 would result in injury to the public.

183.    Defendant U-Haul of Florida failed to perform its duty of diligence in the training of John Does 1-3, resulting in the death of George Hale.

## XIX.    CAUSE OF ACTION NO. SIX - RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT U-HAUL OF FLORIDA

184.    All the allegations previously pled herein are re-alleged as though stated word-for-word.

185.    Defendant U-Haul of Florida is legally responsible and vicariously liable for the negligence of its employee/agent, Defendants John Does 1-3 and/or John and Jane Doe Entities 1-

3, through the legal doctrine of joint enterprise, *respondeat superior*, and the principles of agency as adopted in the State of Arkansas.

186.    At all times relevant to this case, John Does 1-3 were agents and/or employees of Defendant U-Haul of Florida.

187.    At all times relevant, Defendants John Does 1-3 were acting within the course and/or scope of their employment with Defendant U-Haul of Florida.

188.    Upon the Plaintiffs information and belief, Defendant U-Haul of Florida did not have any policies in place at the time of the wreck giving rise to this action regarding proper driving training given to customers.

189.    Defendant U-Haul of Florida failed in their duties and were negligent when they chose not to have in place and/or chose not to follow proper policies and procedures, resulting in adequate training of its employees who were not qualified and//or competent to exercise sound judgment and safely prepare drivers, specifically Defendant Marquez, on how to handle a company vehicle.

190.    The negligence of Defendant Marquez is imputed to Defendant U-Haul of Florida as a matter of law.

## XX.    CAUSE OF ACTION NO. ELEVEN – SURVIVAL AND WRONGFUL DEATH

191.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

192.    Plaintiff Nona Hale, as Special Administratrix of the Estate of George Hale, deceased, is entitled to bring an action under the Arkansas Wrongful Death and Survival Statutes, Ark. Code Ann. § 16-62-101, *et seq.*, for the wrongful death of George Hale, for the exclusive benefit of the heirs of George Hale.

193.    As a direct and proximate cause of the Defendants' negligence, George Hale died on August 17, 2021.

## XXI.    PROXIMATE CAUSATION

194.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

195.    As a direct and proximate result of Defendants' negligence, George Hale died on August 17, 2021.

196.    As a direct and proximate result of Defendant's negligence, the wrongful death beneficiaries of George Hale incurred and will continue to incur non-economic damages, including, but not limited to, loss of affection, aid, comfort, companionship, society and support of a kind and loving brother/son, great mental anguish, agony, and emotional distress.

197.    As a direct and proximate result of Defendant's negligence, the wrongful death beneficiaries of George Hale suffered and will continue to suffer economic damages, including, but not limited to, loss of earnings, loss of income or support, cost of substitute domestic services, and other monetary losses.

198.    The Defendant's negligence was the proximate cause of the incident described herein and the injuries and damages sustained by Plaintiff.

## XXII.    INJURIES AND COMPENSATORY DAMAGES

199.    Decedent George Hale was severely injured in the incident and died as a result of his injuries.

200.    Decedent George Hale experienced extreme terror immediately before and after the incident.

201.    The Plaintiff, on behalf of the Estate of George Hale, is entitled to the following

damages:

(a) the nature, extent, duration, and permanency of George Hale's injuries;

(b) the full extent of the injuries George Hale sustained;

(c) the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f) the visible results of his injuries; and

(g) any property damages he sustained.

202.   The Estate of George Hale and the wrongful death beneficiaries of George Hale, who are represented in this litigation by Plaintiff, incurred funeral expenses and suffered emotional injury and distress as well.

203.   Plaintiff is entitled to recover under Arkansas law for the wrongful death pursuant to A.C.A. §16-62-102, and survival damages, pursuant to A.C.A. §16-62-101, which includes but is not limited to the following measures of damage:

a.   Pecuniary injuries sustained, including benefits, goods, and services that the decedent would have contributed, including the instruction, moral training, and supervision of education that might have reasonably been given;

b.   Mental anguish suffered and reasonably probable to be suffered in the future;

c.   Reasonable value of funeral expenses;

d.   Conscious pain and suffering of the deceased prior to her death;

e.   Value of any earnings, profits or salary lost by the deceased person; and

f.   The decedent's loss of life.

204. As a result of the incident described above and Defendants negligence, George Hale lost his life, a life that he enjoyed with interactions of daily life with family and friends.

205. Plaintiff hereby demands loss of life damages to the full extent allowed under Arkansas law for the death of George Hale.

206. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

207. Plaintiff and wrongful death beneficiaries of George Hale, who are represented in this litigation by Plaintiff, claim all damages allowed by Arkansas law for the wrongful death of George Hale.

## XXIII. DEMAND FOR JURY TRIAL

208. Plaintiff respectfully demands a trial by jury.

## XXIV. DEMAND AND PRAYER

WHEREFORE, Plaintiff demands judgment against the Defendants for damages which were proximately caused by the actions, inactions, and conduct of Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate the Plaintiff for compensatory damages, for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for attorney's fees and costs; and any other just and proper relief to which this Court deems Plaintiff to be entitled.

Respectfully Submitted.

By: _____

Bryce Brewer Arkansas Bar No. 2002013
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222-7250
Telephone:     501-868-2500
Facsimile:     501-868-2505
E-Mail:        bbrewer@rainfirm.com

## CERTIFICATE OF SERVICE

I, Bryce Brewer, hereby certify that a copy of the above and foregoing pleading was sent via electronic e-file system to the below on November 14th, 2023:

Michael McCarty Harrison
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR  72201
Phone:  (501) 376-2011
Fax:  (501) 376-2147
Email: mharrison@fridayfirm.com

Kyle R. Wilson
Alexander T. Jones
Wright, Lindsey & Jennings LLP
200 West Capitol Ave., Ste. 2300
Little Rock, AR 72201
Email: kwilson@wlj.com
Email: ajones@wlj.com

Haley A. Cox
Tatum L. Jackson
Lightfoot, Franklin & White, LLC
400 North 20th Street
Birmingham, AL 35203
Email: hcox@lightfootlaw.com
Email: tjackson@lightfootlaw.com

Bryce Brewer